# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| **TERESITA G. MORALEJO AND** § | | |
| **ELPIDIO E. MORALEJO,** § | | |
| *Plaintiffs,* § | | |
| § | | |
| VS. § | **CIVIL ACTION NO.** 7:18-cv-210 | |
| § | | |
| **STATE FARM LLOYDS,** § | | |
| *Defendant.* § | **JURY DEMANDED** | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATE DISTRICT JUDGE:

Defendant STATE FARM LLOYDS ("State Farm") files this Notice of Removal to remove from the County Court at Law No. 7 of Hidalgo County, Texas to this Court a suit styled *Teresita G. Moralejo and Elpidio E. Moralejo v. State Farm Lloyds* and docketed under Cause No. CL-18-2520-G (hereinafter referred to as the "State Court Action").

### STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL

1. This Court has original diversity jurisdiction under 28 U.S.C.A. §1332(a)(1). Thus, this Court has removal jurisdiction.[1]

2. Under 28 U.S.C. §1446(a), venue of the removed action is proper in this Court as it is the district and division within which the State Court Action is pending.

### TIMELINESS OF NOTICE OF REMOVAL

3. This Notice is timely under 28 U.S.C. § 1446(b). This Notice is filed within thirty (30) days after State Farm was served with Plaintiffs' Original Petition. Plaintiffs' original state

---

[1] 28 U.S.C.A. § 1441(a).

court petition was filed on June 7, 2018. State Farm was served on June 11, 2018.

4.  True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as **Exhibit A**, as required by 28 U.S.C. §1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas. A list of all counsel of record, including addresses, telephone numbers and parties represented is attached as **Exhibit B**.

## NATURE OF PLAINTIFFS' CASE

5.  This suit involves a claim for property damage arising from a wind/hail storm that allegedly occurred on or about August 25, 2017 at Plaintiffs' residence. State Farm is the insurer for Plaintiffs. Plaintiffs now sue State Farm alleging breach of contract, violations of the Texas Insurance Code, violations of the Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing.

## BASIS FOR REMOVAL

**A.   Diversity Met**

6.  Pursuant 28 U.S.C §1332(a)(1), this Court has diversity jurisdiction.

7.  At the time this action was commenced, Plaintiffs were and still are citizens of Texas residing in Hidalgo County.

8.  State Farm was, at the time this action commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were, at the time this action commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes.[2] Therefore, complete diversity of citizenship exists between

---

[2] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-883 (5th Circ. 1993), *cert den.*, 511 U.S. 1032, 114 S.Ct. 1541, 128 L.Ed.2d 193 (1994) (citizenship of unincorporated association determined by citizenship of its members).

2

Plaintiffs and Defendant State Farm.

**B.     Amount in Controversy Met**

9.     The amount in controversy is in excess of the jurisdictional minimum of $75,000.00, excluding interest and costs.[3] State Farm notes that Plaintiffs first state that they "seek damages of monetary relief of $100,000.00 or less,"[4] but then go on to state, "specifically, Plaintiffs seek damages of monetary relief of no more than $75,000.00."[5] Plaintiffs also plead that they "intend to conduct discovery pursuant to Level 2 Discovery Control Plan."[6]

10.    Contrary to Plaintiffs' attempts to avoid federal court jurisdiction through their attempted pleading of limited damages, a preponderance of the evidence shows that the amount in controversy exceeds $75,000.00.[7]

11.    Generally, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy.[8] However, a plaintiff's pleading of a specific sum does not control when made in bad faith or when, as in Texas, state court practice does not permit demand for a specific sum.[9]

---

[3] 28 U.S.C.A §1332(a).
[4] Plaintiffs' Original Petition at Section I.
[5] *Id*.
[6] *Id.*
[7] A defendant may satisfy the amount in controversy element for removal by "(1) showing it is 'apparent from the claims of the petition that the claims are likely to exceed $75,000', or (2) setting forth 'summary judgment-type evidence of facts in controversy that support a finding of the requisite amount.'" *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *1 (S.D. Tex. Feb. 18, 2016)*,* citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[8] 28 U.S.C. § 1332(a).
[9] *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *2 (S.D. Tex. Feb. 18, 2016), citing 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1410 (5th Cir. 1995); Tex. R. Civ. P. 47(b)-(c).

12. Texas state court practice does not permit a demand for a specific sum.[10] Further, it has been held that where a plaintiff attempts to plead an amount not to exceed $75,000, it may be considered bad faith manipulation and an attempt to avoid federal jurisdiction.[11]

13. Prior to filing suit, Plaintiffs' counsel served a demand letter on State Farm demanding $64,706.83, including $57,949.36 in actual damages to Plaintiffs' property.[12] Plaintiffs have not provided any other estimates to State Farm.

14. In addition to actual damages and attorney's fees, Plaintiffs' Original Petition requests treble damages under the Texas Insurance Code and the DTPA and exemplary damages.[13] Exemplary damages are to be considered in determining the amount in controversy if the defendant could be liable for such damages under state law.[14] Texas law provides that "[e]xemplary damages awarded against a defendant may not exceed an amount equal to the greater of … two times the amount of economic damages; plus … an amount equal to or any noneconomic damages … not to exceed $750,000; or … $200,000."[15] Therefore, the $75,000.00 amount in controversy federal jurisdictional requirement could easily be met if Plaintiffs are successful in their claim for punitive and treble damages.

## NOTICE SHALL BE PROVIDED

15. Pursuant to 28 U.S.C. §1446(d), State Farm will promptly give written notice of the filing of this notice of removal to Plaintiffs and will further file a copy of this Notice of

---

[10] *See* Tex. R. Civ. P. 47(b)-(c); *see also Chavez*, at *2.
[11] *See Id; Garcia v. Kellogg USA, Inc*., No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio),* No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that a plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").
[12] **Exhibit C** – Demand Letter dated March 28, 2018 from Plaintiffs' counsel with estimate for $57,949.36 prepared by VA Construction Consultant.
[13] Plaintiffs' Original Petition at ¶¶ VII and XII.
[14] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[15] Tex. Civ. Prac. & Rem. Code § 41.008(b)(1)-(2).

Removal with the County Clerk of Hidalgo County, Texas, where the State Court Action was previously pending.

## **CONCLUSION**

WHEREFORE, Defendant State Farm hereby requests removal of this case, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action, and for all other relief to which Defendant State Farm may be justly entitled.

                          Respectfully submitted,

By:    */s/ Sarah Pierce Cowen*
Sarah Pierce Cowen
Federal ID No. 7973
State Bar No. 15997480
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324
Email: sarah@cowengarza.com

**ATTORNEY-IN-CHARGE
FOR DEFENDANT
STATE FARM LLOYDS**

**Of Counsel:**
Summer Olmos
Federal ID No. 625129
State Bar No. 24051134
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324
Email: summer@cowengarza.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the preceding, Defendant's Notice of Removal has been filed electronically with the Clerk of the Court and notice of this filing will be sent by operation of the Court's electronic filing system and by facsimile to the following CM/ECF participants on July 6, 2018.

**VIA FACSIMILE: (956) 630-0383**
**& VIA E-SERVICE: oochoa@omarochoalaw.com**
Omar Ochoa
OMAR OCHOA LAW FIRM
121 N. 10th Street
McAllen, Texas 78501

*/s/ Sarah Pierce Cowen*
Sarah Pierce Cowen